Abraham Schlissel, J.
There is rarely room for presumptions in lieu of proof as part of the People’s case in a criminal or quasi-criminal prosecution. In those infrequent instances where a presumption is mandated the intent so to do is specifically stated in the affected statute.
No such statement appears or is claimed to exist in the Municipal Code of the City of Long Beach, violation of which, it may he noted, may result in either a monetary fine or a jail sentence or both.
Surely in the administration of such a statute the People are and properly should be under the irresistible and inescapable obligation of proving each and every element of the offense charged by clear, cogent and legally admissible testimony (oral or documentary).
In the instant prosecution the People have leveled two most serious charges against this defendant who, they allege, did, on the seventh day of December, 1965 “ own, operate, control, manage and maintain premises located at 81 East Pine Street, Long Beach, N. Y., having therein a dwelling unit not containing within its walls a separate room equipped with a bathtub or shower ” (Count one, in alleged violation of eh. 10, art. 11, § 10-1105.4 of our Municipal Code) and (Count two, in asserted violation of § 10-1106.3 of the same eh. and art.) like ownership, operation, control, management and maintenance of the same premises on the same date ‘ ‘ having therein a dwelling unit with habitable rooms therein having a ceiling height below 7 feet over at least one-half of the floor area therein ”.
The proof adduced by the People in support of these allegations was, with the single exception which evokes the present *332 opinion, clear, convincing and indeed overwhelming. The effect which this testimony produced upon the court was one of disgust and revulsion coupled with an oft-stated and still-existing inability to understand how one human being could permit others to live in such substandard quarters and under such subhuman conditions merely for the sake of financial gain.
In these circumstances the temptation to brush aside technical considerations is strong indeed although fortunately not entirely irresistible.
This court has reached the conclusion that it cannot in good conscience and without violating both the spirit and letter of its oath of office disregard the very obvious (and, indeed, virtually conceded) gap or defect in the People’s proof here.
As hereinbefore noted, the People elected to charge defendant, in the conjunctive, with ownership, operation, control, management and maintenance of these premises in violation of the two sections above mentioned. Having so elected, they may not now hope to successfully argue that they have fulfilled their self-imposed obligation by proving only ownership (as' they so convincingly did) and disregarding operation, control, management and maintenance (as they so obviously did at the trial and so frankly now concede they did).
Furthermore the People overlook, when they argue as they do in their brief that their proof was sufficient to make out a prima facie case, that section 10-1102 entitled “Application” provides that: “ No person shall occupy as owner-occupant, or agent of the owner, or let or rent to another for occupancy any dwelling, rooming house, dwelling unit, or rooming unit for the purpose of living, sleeping, cooking, or eating therein which does not comply with the requirements of this ordinance.”
Analysis of the language above quoted can lead to but one possible conclusion — liability can be grounded only upon the finding of the existence of one of three preconditions: (1) owner-occupancy, (2) agent-occupancy, or (3) letting or renting units which do not comply with the statutory minima.
There is neither proof nor contention here of either owner or agent occupancy; neither is there any satisfactory legal evidence of letting or renting.
Conjecture, surmise, speculation or inference cannot replace proof however great the temptation to compromise may be.
Accordingly the present information is hereby dismissed. In the court’s judgment the present disposition will not bar a new prosecution for this offense; surely it will not prevent the prompt service of new charges for any period subsequent to December 7, 1965.